**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| IRENE DUCEY, | ) |
| | ) |
| Plaintiff, | ) **Case No.:** |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC; and ENCORE CAPITAL GROUP, INC., | ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

IRENE DUCEY ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND FUNDING, LLC ("Defendant Midland"); MIDLAND CREDIT MANAGEMENT, INC ("Defendant MCM"); and ENCORE CAPITAL GROUP, INC. ("Defendant Encore").

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). which prohibits debt collectors from unlawful debt collection practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants conduct business and are headquartered in the State of Maryland, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

5. Plaintiff is a natural person residing in Montross, Virginia 22520.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Midland is a corporation specializing in debt collection with a business address of 400 E. Pratt St., 8th Fl., Baltimore, MD 21203.

8. Defendant MCM is a corporation specializing in debt collection with a business address of 400 E. Pratt St., 8th Fl., Baltimore, MD 21203.

9. Defendant Encore is a corporation specializing in debt collection with a business address of 400 E. Pratt St., 8th Fl., Baltimore, MD 21203.

10. Defendants are "debt collector(s)" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. At all relevant times, Defendants were acting in concert and attempting to collect an alleged consumer debt regarding a Citibank credit card.

13. The alleged debt arose out of transactions at Home Depot that were primarily for personal, family, or household purposes.

14. Beginning in or around December 2012, Defendants' collectors placed repeated

harassing calls to Plaintiff's cellular telephone.

15. Defendants' calls originated from numbers, including but not limited to, (877) 299-3686. The undersigned has confirmed that this number belongs to Defendant MCM.

16. Defendants called on a near daily basis demanding payment of the alleged debt.

17. On one occasion in January 2013, Defendants called Plaintiff after 9:00 pm, which was inconvenient to Plaintiff.

18. In early January 2013, Defendant MCM mailed Plaintiff a collection letter, which stated, "the amount you owe may be greater because of interest, late charges, and other charges that may vary from day to day." See Defendants' Collection Letter, attached as Exhibit A.

19. Upon information and belief, Citibank waived the right to collect interest on Plaintiff's account when the account was "charged off."

20. Upon information and belief, the underlying contract between Citibank and Defendant does not provide for the collection of interest charges on charged off debts.

21. Accordingly, Defendants – as subsequent purchasers of the alleged debt after it was charged off – are not entitled to collect or threaten to collect interest on the amount of the debt. See McDonald v. Asset Acceptance, 2013 WL 4028947 (E.D. Mich. Aug. 7, 2013).

22. Frustrated by Defendants' collection efforts Plaintiff retained her present counsel in February 2013.

23. Plaintiff's counsel sent Defendant MCM correspondence on February 19, 2013 advising that it had been retained and demanded Defendants cease all communication with Plaintiff. See Plaintiff's counsel's correspondence, attached as Exhibit B.

24. Defendant MCM received this correspondence on February 22, 2013. See signed green card, attached as Exhibit C.

25. Despite receipt of this correspondence, Defendants continued to contact Plaintiff

- 3 -

PLAINTIFF'S COMPLAINT

through December 2013.

26. Upon information and belief, Defendant took the actions described herein with the intent to harass and abuse Plaintiff.

## COUNT I
## DEFENDANTS VIOLATED § 1692c(a)(1) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692c(a)(1) of the FDCPA prohibits debt collectors from communicating with a consumer at any unusual time or place, or time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 am and before 9:00 pm.

28. Defendants violated § 1692c(a)(1) of the FDCPA when they called Plaintiff's home telephone after 9:00 pm.

## COUNT II
## DEFENDANTS VIOLATED §§ 1692d and 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

29. Section 1692d of the FDCPA prohibits debt collectors from engaging in harassing, oppressive, or abusive conduct in their attempts to collect an alleged consumer debt.

30. Section 1692d(5) of the FDCPA specifically enumerates repeatedly causing a telephone to right with intent to annoy, abuse, or harass as a violation.

31. Defendants violated § 1692d(5) of the FDCPA when they caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy or harass Plaintiff.

## COUNT III
## DEFENDANTS VIOLATED § 1692e OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

32. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

33. Section 1692e(2)(A) of the FDCPA prohibits the false representation of the character, amount, or legal status of any debt.

34. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

35. Defendants violated §§ 1692e, 1692e(a)(A), and 1692e(10) when they contacted Plaintiff seeking to collect payment on interest on the underlying debt when the right to collect interest has been waived by the original creditor, and when they engaged in other false or deceptive conduct.

## COUNT IV
## DEFENDANT VIOLATED §§ 1692f and 1692f(1) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

36. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

37. Section 1692f(1) of the FDCPA prohibits debt collectors from collecting any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

38. Defendants violated §§ 1692f and 1692f(1) of the FDCPA when they sought to collect interest without the express authorization from the agreement creating the debt or

authorization of law, and when it engaged in other unfair or unconscionable means to collect the alleged debt.

### COUNT V
### DEFENDANTS VIOLATED § 1692c(c) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

39. Section 1692c(c) of the FDCPA prohibits debt collectors from communicating with a consumer if the consumer notifies the debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer.

40. Defendants violated § 1692c(c) of the FDCPA when they continued to call Plaintiff after receipt of a cease and desist letter.

### COUNT VI
### DEFENDANTS VIOLATED § 1692c(a)(2) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

41. Section 1692c(a)(2) of the FDCPA prohibits debt collectors from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt.

42. Defendants violated § 1692c(a)(2) of the FDCPA when they contacted Plaintiff with knowledge she was represented by counsel.

WHEREFORE, Plaintiff, IRENE DUCEY, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for its violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, IRENE DUCEY, demands a jury trial in this case.

DATED: 12/31/13             KIMMEL & SILVERMAN, P.C.

By: __/s/Amy L. Bennecoff_____
    Amy L. Bennecoff
    Kimmel & Silverman, P.C
    30 East Butler Pike
    Ambler, PA 19002
    Telephone: (215) 540-8888
    Facsimile: (215) 540-8817
    Email: abennecoff@creditlaw.com
    Attorney for Plaintiff